UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATTORNEY GENERAL FOR ) <br> THE COMMONWEALTH ) <br> OF MASSACHUSETTS AND ) <br> THE TOWN OF SAUGUS ) <br> **Plaintiff** ) <br> ) <br> V. ) <br> ) <br> SPERO B. BROWN AND KELLY A. ) <br> BROWN AS OWNERS OF PROPERTY ) <br> LOCATED AT 21 CLARK STREET, ) <br> SAUGUS, MASSACHUSETTS, AND ) <br> DEUTSCHE BANK NATIONAL ) <br> TRUST COMPANY, AS TRUSTEE ) <br> FOR NEW CENTURY HOME EQUITY ) <br> LOAN TRUST 2005-1 AS MORTGAGEE) <br> AND PARTY IN INTEREST IN THE ) <br> PROPERTY LOCATED AT 21 CLARK ) <br> STREET, SAUGUS, ) <br> MASSACHUSETTS ) <br> **Defendants** ) | CIVIL ACTION NO: <br><br><br><br> (Formerly Civil No. 10H77CV90, <br> Northeast Housing Court, <br> Lawrence Session) |

## NOTICE OF REMOVAL TO THE UNITED STATES
## DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

To:

| | |
|---|---|
| Greg Dekermenjian, Esq. <br> Assistant Attorney General <br> One Ashburton Place <br> Boston, MA 02108 | John J. Vasapolli, Esq. <br> 320 Central Street <br> Saugus, MA 01906 |

| | |
|---|---|
| Spero B. Brown <br> 36 Brookvale street <br> Lynn, MA 01905 | Kelly A. Brown <br> 36 Brookvale Street <br> Lynn, MA 01905 |

Please take notice that the action styled <u>Attorney General for the Commonwealth v. Spero B. Brown, et al.</u>, Case No. 10H77CV90 now pending in the Northeast Housing Court, Lynn Session in the Commonwealth of Massachusetts, is removed to the United States District

1

Court for the District of Massachusetts, by and on behalf of Deutsche Bank National Trust Company as Indenture Trustee, for new Century Home Equity Loan Trust 2005-1 ("Deutsche Bank").

The action is removable pursuant to the provisions of 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a) and (a)(1) on the basis of diversity. A photo copy of all process, pleadings, and orders received by the attorney for Deutsche Bank is attached as required by 28 U.S.C. § 1446, and the notice of removal is timely under the provisions of 28 U.S.C. § 1446(b).

**Diversity Jurisdiction**

For purposes of this motion, and this motion only, Deutsche Bank incorporates herein by reference the facts alleged in the Plaintiff's complaint which is the subject of this Notice of Removal for purposes of establishing jurisdiction under 28 U.S.C. 1332.  In particular, Paragraph 5 of the Complaint alleges that Defendant, Deutsche Bank "is a foreign corporation with a principal place of business located at 1610 [1761] East Saint Andrews Place, Santa Ana, CA 92705."

**Relevant Additional Facts**

1. On February 9th, 2010 the Defendants Brown entered a Court ordered stipulation with Deutsche Bank whereby they agreed that they did not occupy the subject property, they abandoned all personal items at the property, and they agreed that Deutsche Bank was granted any and all powers under the mortgage to manage and maintain the property during the foreclosure process.  A true and accurate copy of said stipulation is attached hereto as Exhibit "A".

2. On March 12th, 2010 Deutsche Bank, through its counsel, sent the Plaintiff's Counsel a letter informing him of the Court ordered stipulation and of the name and contact information for Deutsche Bank's local property management company and Counsel

for the Plaintiff acknowledged receipt thereof. A true and accurate copy of said letter is attached hereto as Exhibit "B". See also Plaintiff's Complaint, Exhibit VI.

3. On March 3rd, 10th, and 17th, 2010, Deutsche Bank published notice of its pending foreclosure sale scheduled for March 24th, 2010. A true and accurate copy of the Notice Tearsheets from the Boston Globe is attached hereto as Exhibit "C".

4. On March 24th, 2010 Deutsche Bank made a formal entry on the property and purchased the property at the foreclosure sale. A true and accurate copy of the certificate of entry is attached hereto as Exhibit "D" and a true and accurate copy of the memorandum of sale is attached hereto as Exhibit "E".

5. On April 6, 2010, the Foreclosure Deed and related Affidavit required under M.G.L. c. 244, § 15, were prepared and sent to Deutsche Bank's agent, Carrington Mortgage Services, LLC, for execution and eventual recording. A true and accurate copy of the Foreclosure Deed and Affidavit is attached hereto as Exhibit "F".

6. On April 7, 2010, the Plaintiff filed the action being removed hereby in the Northeast Housing Court, Lynn Session.

## Discussion

**I. There is Complete Diversity.**

As of the gavel coming down at the foreclosure sale and the signing of the memorandum of sale on March 24th, 2010, the Defendants Brown lost any and all right, title, and interest in the property that is the subject of this litigation. See In re Crichlow, 322 B.R. 229, 232 (Bkrtcy.D.Mass.,2004) ("the Debtor's equitable interest in the Property terminated upon the execution of the memorandum of Sale") and Outpost Café Inc. v. Fairhaven Savings Bank, 3 Mass.App.Ct. 1 (1975) ("A sale by auction is complete when the auctioneer so announces by the fall of the hammer or in other customary manner…"), and cases cited therein.

Prior to filing its action in the Housing Court, the Plaintiff was on either actual or constructive notice of the foreclosure sale and, in any event, was on actual notice that as of February 9th, 2010, over one month before the foreclosure sale, Deutsche Bank had taken over control of property.  The Plaintiff cannot fraudulently add a party to the case simply to destroy complete diversity and avoid removal to Federal Court.  See In re Pharmaceutical Industry Average Wholesale Price Litigation, 431 F.Supp.2d 109, 117-118 (D.Mass 2006).  In fact, the Federal Court is entitled to ignore the Browns lack of consent to this notice of removal whether or not they have been served in the case. Id. at 117.  In In re Pharmaceutical, the Court defined fraudulent joinder as where "either (1) [the plaintiff] has committed fraud or (2) [the plaintiff] cannot establish the possibility of a cause of action against the joined party."

Here, not only was the Plaintiff aware of the imminent foreclosure by Deutsche Bank, it was also aware that the Browns no longer resided at the property, that they had given up all right to any personal items left at the property, and that they had relinquished any rights in the management of the property to Deutsche Bank even prior to the foreclosure sale.  Since the Browns no longer have any interest in the property, the relief sought by the Plaintiff in the form of a receivership, on its face, establishes no cause of action against the Browns.  Since the Browns have been improperly joined in this case, their citizenship cannot be used to destroy complete diversity.  Accordingly, excluding the Browns, no defendant is a citizen of the forum State and thus, Deutsche Bank can properly remove this case pursuant to 28 U.S.C. 1332(a)(1).

**II.     The Amount in Controversy Requirement is Met.**

The Plaintiff has filed the present lawsuit with intention of seeking equitable relief in the form of conducting repairs that will establish a lien on Deutsche Bank's property in the amount of $180,000.00.  See Exhibit "6" to Plaintiff's complaint "Affidavit of Helen Zucco".  Under M.G.L. c. 111 § 127I this will result in a super-priority lien on Deutsche Bank's property and

will authorize the receiver to sell Deutsche Bank's property at public auction. The amount in controversy between the parties far exceeds the statutory requirement under 28 U.S.C. 1332(a).

### III.   Sovereign Immunity Does not Bar Removal.

The fact that this case was initiated by the Attorney General for the Commonwealth and the Town of Saugus in no way bars Deutsche Bank from removing the case to Federal Court. Sovereign immunity extends as a defense to the State where it is the defendant in the case, not the converse. See In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 488 F.3d 112, 119 (2nd Cir, 2006) ("sovereign immunity does not preclude the removal to federal court of a suit filed by a state plaintiff in state court…"). And further, sovereign immunity does not extend as a defense to a municipality. See Northern Insurance Company of New York v. Chatham County, Georgia, 547 U.S. 189, 193 (2006) ("[M]unicipalities, unlike States, do not enjoy a constitutionally protected immunity from suit").

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
| April 16, 2010 | Deutsche Bank National Trust Company as Indenture Trustee, for new Century Home Equity Loan Trust 2005-1, By Its Attorney, |
|  | /s/  Matthew R. Braucher<br>Matthew R. Braucher, Esq.<br>Ablitt │Scofield, P.C.<br>304 Cambridge Road<br>Woburn, MA 01801<br>Ph: (781) 246-8995<br>Fax: (781) 246-8994<br>Email: mbraucher@acdlaw.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was mailed this day to the parties at the address(es) listed below.

Dated: April 16, 2010                                       _____
                                                                          Matthew Braucher, Esq.

| | |
|---|---|
| Greg Dekermenjian, Esq. | John J. Vasapolli, Esq. |
| Assistant Attorney General | 320 Central Street |
| One Ashburton Place | Saugus, MA 01906 |
| Boston, MA 02108 | |
| | |
| Spero B. Brown | Kelly A. Brown |
| 36 Brookvale street | 36 Brookvale Street |
| Lynn, MA 01905 | Lynn, MA 01905 |